UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE WILLIAMS,

          Petitioner,

v.                                    Case Number 12-11712
                                      Honorable David M. Lawson

PAUL KLEE,

          Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

       The petitioner, Eugene Williams, who is presently confined at the Gus Harrison Correctional

Facility in Adrian, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254.  After a bench trial in the Wayne County, Michigan circuit court, the petitioner was

convicted of assault with intent to commit murder and sentenced to imprisonment for twenty-five

to fifty years.  The petitioner claims that he was sentenced on the basis of improperly scored

sentencing guidelines and inaccurate information in violation of his constitutional right to due

process.  The Court finds from the petition and attachments that the petitioner is not entitled to relief.

Therefore, the Court will deny the petition under Rule 4 of the Rules Governing Section 2254 Cases

in the United States District Courts without requiring an answer from the respondent.

I.

       The Michigan Court of Appeals summarized the facts as follows:

       Williams' conviction arises out of an assault on his roommate Jan Coyle.  At the time
of the assault, Williams was 27 and Coyle was 53.  Coyle described Williams as his
"best friend" and stated that he was "like a son" to him.  Williams and Coyle had
roomed together for about a year and had lived together at other locations without
any serious difficulties.  Williams stabbed Coyle in the groin after Coyle told him
that he was going to open the door for police officers who had arrived at the
apartment.  Coyle stated that the building manager had earlier told him that Williams

had to leave the building and Coyle acknowledged that he told Williams that he should find another place to live.

Police officers responded to Coyle's building to investigate a reported assault and battery. The officers heard Williams inside the apartment screaming obscenities and attempted to speak with him, but he would not open the door. Coyle screamed and, at that point, the officers forced entry through another door. The officers found Coyle lying on the floor, bleeding copiously. The officers also found a knife by Coyle, but saw no injuries on Williams.

Williams told the officers that the building manager had instructed him to leave the building and that he refused to do so. He also admitted to the officers that he had stabbed Coyle when the officers broke into the apartment. Williams stated that he stabbed him because he thought Coyle was reaching for a knife. Williams denied that he intended to kill Coyle, but admitted that he told the officers that if they entered the apartment he would stab him.

*People v. Williams*, No. 293250, 2010 WL 4226660, at *1 (Mich. Ct. App. Oct. 26, 2010) (unpublished). The petitioner's defense was that he acted in self defense, but the trial court "found that the prosecution had proved beyond a reasonable doubt that Williams had not acted in self defense." *Ibid.*

The petitioner appealed his sentence of twenty-five to fifty years imprisonment, arguing that the trial court abused its discretion in scoring offense variable six (assessing the offender's intent to kill or injure the victim) at twenty-five points and offense variable ten (dealing with the vulnerability of the victim) at ten points. *Id.* at *2. The Michigan Court of Appeals affirmed the petitioner's sentence, concluding that "[t]here were no sentencing errors warranting relief." *Id.* at *3. On April 25, 2011, the Michigan Supreme Court denied leave to appeal. *People v. Williams*, 489 Mich. 898, 796 N.W.2d 83 (Apr. 25, 2011) (table).

The petitioner timely filed his federal habeas petition in this Court, claiming that the trial court incorrectly scored offense variables six and ten of the Michigan sentencing guidelines and violated his due process right to a sentence based on accurate information.

-2-

II.

Promptly after the filing of a petition for a writ of habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases in the United States District Courts; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Rule 4, Rules Governing § 2254 Cases in the United States District Courts; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases in the United States District Courts. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

To qualify for relief under 28 U.S.C. § 2254, the petitioner must show that the state court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Under that review standard, mere error by the state court does not justify issuance of the writ; rather, the state court's

application of federal law "must have been objectively unreasonable." *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (internal quotes omitted)). That standard of review is highly deferential and requires this Court to review state court decisions with "deference and latitude." *Harrington v. Richter*, --- U.S. ---, 131 S. Ct. 770, 785 (2011). "A state court's determination that a claim lacks merit precludes habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id*. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

## A.

The petitioner contends that the trial court miscalculated the state sentencing guidelines in his case. The pre-sentencing report recommended a score of zero for offense variables six and ten, but the trial court scored the variables at twenty-five and ten points, respectively. The petitioner asserts that the removal of points for offense variables six and ten reduces the guidelines range from 225 to 750 months to a range of 135 to 225 months.

The petitioner's contention "that the trial court erred in applying the state sentencing guidelines raises an issue of state law only. It does not implicate any federal rights." *Garcia-Dorantes v. Warren*, 769 F. Supp. 2d 1092, 1112 (E.D. Mich. 2011). "'[F]ederal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*,  497 U.S. 764, 780 (1990)). Therefore, a claim that the trial court incorrectly calculated the state sentencing guidelines simply is not cognizable on federal habeas corpus review. *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006).

## B.

-4-

The petitioner also claims that his constitutional right to due process was violated because he was sentenced on the basis of inaccurate information. A sentence violates due process of law if the trial court relied on "extensively and materially false" information, which the defendant had no opportunity to correct through counsel. *Townsend v. Burke*, 334 U.S. 736, 741 (1948) (holding that sentence based on "assumptions concerning [defendant's] criminal record which were materially untrue" violated due process). To obtain relief, the petitioner must show that his sentence was "founded at least in part upon misinformation of constitutional magnitude." *United States v. Tucker*, 404 U.S. 443, 447 (1972). "*Townsend* and its progeny are generally viewed as having established a due process 'requirement that a defendant be afforded the opportunity of rebutting derogatory information demonstrably relied upon by the sentencing judge, when such information can in fact be shown to have been materially false.'" *Stewart v. Erwin*, 503 F.3d 488, 495 (6th Cir. 2007) (citing *Arnett v. Jackson*, 393 F.3d 681, 686 (6th Cir. 2005) (noting "the general rule that a violation of due process exists when a sentencing judge relies upon erroneous information" (internal quotation marks and citations omitted)); *Collins v. Buchkoe*, 493 F.2d 343, 345 (6th Cir. 1974); *United States v. Taylor*, 768 F.2d 114, 121 (6th Cir. 1985) ("[W]hen a trial judge relies on materially false or unreliable information in sentencing a defendant, the defendant's due process rights are violated." (internal quotation marks and citation omitted)).

1.

Offense variable six measures the offender's "intent to kill or injure another individual." Mich. Comp. Laws § 777.36(1). The trial court scored offense variable six at twenty-five points,

which is appropriate if "[t]he offender had unpremeditated intent to kill, the intent to do great bodily harm, or created a very high risk of death or great bodily harm knowing that death or great bodily harm was the probable result."  Mich. Comp. Laws § 777.36(1)(b).  Petitioner claims that, at most, he should have been assessed ten points, which applies if "[t]he offender had intent to injure or the killing was committed in an extreme emotional state caused by an adequate provocation and before a reasonable amount of time elapsed for the offender to calm or there was gross negligence amounting to an unreasonable disregard for life."  Mich. Comp. Laws § 777.36(1)(c).  According to the petitioner, that description fits the facts in his case because his defense theory was that he acted in self-defense and in response to an earlier provocation.

The trial court, however, "sitting as the trier of fact, rejected [the petitioner's] claim of self defense," and "the evidence at trial showed that [the petitioner] stabbed Coyle in the groin, a vulnerable area of the body, with an eight-inch knife . . . ."  *Williams*, 2010 WL 4226660, at *2.  According to the state court, "Coyle would have died had he not received prompt medical attention."  *Id*.  The Michigan Court of Appeals concluded that "[t]his evidence supported the trial court's conclusion that [Petitioner] intended to kill Coyle as opposed to merely injure him" and that there was evidence to support the trial court's score of twenty-five points for offense variable six.  *Id*.

At a minimum, the stabbing established an intent to do great bodily harm.  Therefore, the trial court did not sentence Petitioner on the basis of materially false information when it scored offense variable six at twenty-five points.

### 2.

Offense variable ten measures whether the offender exploited a vulnerable victim.  Mich. Comp. Laws § 777.40.  The trial court scored this offense variable at ten points which is appropriate

if "[t]he offender exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status." Mich. Comp. Laws § 777.40(1)(b)

Petitioner alleges that the trial court should have scored offense variable ten at zero points, which would have been proper if there was no exploitation of the victim's vulnerability. Mich. Comp. Laws § 777.40(1)(d). The Michigan Court of Appeals determined that the trial court did not abuse its discretion in scoring offense variable ten at ten points because

> the undisputed evidence showed that Coyle was twice as old as Williams and walked with the aid of a cane. The evidence also showed that, shortly before he stabbed Coyle, Williams knocked Coyle to the floor and forced him to remain there. He also admitted that he told the police officers that he would stab Coyle if they entered.

*Williams*, 2010 WL 4226660, at *3. The Michigan Court of Appeals correctly concluded that "[t]his evidence supports an inference that Williams exploited Coyle's vulnerability as an older person with a disability in order to commit the charged offense." *Id*. Thus, the trial court did not rely on materially false information when it scored offense variable ten at ten points.

III.

The Court concludes that the petitioner is not entitled to habeas relief on the claims presented. The state court decisions denying relief were not contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts. The petitioner has not established that he is presently in custody in violation of the Constitution or laws of the United States.

-7-

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   May 16, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 16, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL

---