UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE WILLIAMS,

        Petitioner,

v.                                              Case Number 12-11712
                                                Honorable David M. Lawson

PAUL KLEE,

        Respondent.

_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

The petitioner, Eugene Williams, who is presently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. After a bench trial in the Wayne County, Michigan circuit court, the petitioner was convicted of assault with intent to commit murder and sentenced to imprisonment for twenty-five to fifty years. The petitioner claimed that he was sentenced on the basis of improperly scored sentencing guidelines and inaccurate information in violation of his constitutional right to due process. The Court found from the petition that the petitioner was not entitled to relief and denied the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts without requiring an answer from the respondent.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, which was amended as of December 1, 2009:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The Court now concludes that the petitioner has failed to make a substantial showing that he was denied his constitutional rights and that reasonable jurists could not debate the correctness of the Court's decision. Therefore, the Court will deny a certificate of appealability.

Accordingly, it is **ORDERED** that a certificate of appealability is **DENIED**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: May 16, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 16, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL